CHARLES M. DE LISLE, AS ADMINISTRATOR, ETC., OF HARRIET S. DE LISLE, DECEASED, RESPONDENT, *v.* HATTIE M. HUNT AND OTHERS, APPELLANTS.

*Practice — leave . to file a supplemental complaint — when granted — revivor of action.*

In this action, brought by the plaintiff's intestate to recover a life estate in land, which she alleged she had been induced, by the defendants' fraud, to convey to them, no demand for damages for the detention thereof was made in the complaint. After her death her administrator, alleging that the action had been pending for several years, during which time a large amount of rents and profits had accrued, procured an order reviving the action in his name and allowing him to serve a supplemental complaint, in which he sought to recover the damages resulting from such detention.

*Held,* that the order was a proper one and should be affirmed.

APPEAL from an order of the Special Term allowing this action, which was commenced in the name of Harriet S. De Lisle, plaintiff, and who has since died, to be revived in the name of this plaintiff, as her administrator, and allowing this plaintiff to serve an amended or supplemental complaint; also an appeal from an order denying a motion to vacate the first order, and to strike out the new matter inserted in the amended or supplemental complaint.

*C. P. Collier*, for the appellants.

*Walter S. Cowles*, for the respondent.

LANDON, J. :

Mrs. De Lisle had a life estate in the land which she sought by this action to recover, alleging that by the defendant's fraud she had been induced to convey it to her. She did not demand damages for its detention. Such damages under the Code (§§ 1496, 1497), now include the rents and profits or value of the use and occupation, the former rule, as laid down in *Larned* v. *Hudson* (57 N. Y., 151), being changed. The present plaintiff, as administrator, succeeds only to the damages for the detention. It is objected that to allow him to revive the action and file a supplemental complaint, which shall ask recovery for these damages, is to substitute a new action in place of the old one. The action has been pending for some years, and it is alleged, and can readily be believed, that the rents and profits which have accrued during the pendency of the action are large. Mrs. De Lisle, if living, could be permitted to file a supplemental complaint alleging and asking these damages. (Code, § 544.) Such claim would be of an incident to the principal subject-matter. The fact that it did not exist at the time of the commencement of the original action would render a supplemental, instead of an amended complaint, proper.

If Mrs. De Lisle's estate in the land had expired in her lifetime and pending suit, she would still have been permitted to recover damages for the detention up to the time her title expired. (Code, § 1522.) And she would, no doubt, have been permitted, if the damages accrued during the pendency of the action, to set them forth in a supplemental complaint. Now the administrator succeeds to these damages and to recover them has to maintain the issues framed in her action ; and it seems just that he should be permitted in succeeding to this portion of her rights, to succeed also to that portion of her remedies applicable to them, among which is the right to file a supplemental complaint showing the extent and kind of relief which the issues in the old action give him as her representative.

The order allowing the revivor and supplemental complaint should be affirmed. Whether under it he has stated more than has

survived to him, or he has the right to recover, we need not examine, since the trial court will limit his recovery to his right, and therefore the second order should be affirmed.

Both orders affirmed, with costs and disbursements.

LEARNED, P. J., and BOOKES, J., concurred.

Each order affirmed, with ten dollars costs and printing disbursements.